(No. 3555—

MARY EVANS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Mary Evans, contracted typhoid fever on August 20, 1939, while in the employ of the respondent as an attendant at the Manteno State Hospital. Because

of the crowded conditions and lack of medical facilities at the hospital during the time of her illness, claimant, at the request of the hospital officials, secured her own physician and her own nurses. She returned to work on August 13, 1940. On December 30, 1940, she left the institution "on account of my health." During the period of her illness, she was paid by respondent the total sum of $617.39.

Claimant testified that since December, 1940, she has been unemployed because of ill health resulting from typhoid fever; that she has arthritis, colitis, and hemorrhoids; that she is in a very nervous state; that she has severe pain in her legs; and that none of these conditions existed prior to her illness of August 20, 1939.

Dr. O. A. Phipps of Manteno, Illinois, testified that he was claimant's physician from the time that she became ill with typhoid fever to January, 1940. He stated that in January, 1940, she was still suffering from chronic colitis, a complication from the typhoid fever; that as a result of her illness she suffered from a weakness in the lower extremities, a nerve involvement, arthritis, and chronic inflammation of the intestines.

At the time of her illness, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the illness and claim for compensation were made within the time provided by the Act. Claimant had no children under sixteen years of age. It is stipulated that a typhoid fever epidemic existed at the Manteno State Hospital from July 10, 1939, to December 10, 1939. The typhoid fever contracted by the claimant was accidental, arose out of and in the course of her employment as an attendant at the Manteno State Hospital, and any injury arising therefrom is compensable under the provisions of the

Workmen's Compensation Act. (*Ade* vs. *State*, No. 3429, decided at the September, 1943, term of this court.)

Claimant seeks an award for total permanent disability and for medical and hospital services. The record, however, is wholly insufficient to sustain an award for total permanent disability. Claimant may be partially incapacitated, but under Section 8 (d) of the Workmen's Compensation Act, an employee partially incapacitated from pursuing his usual and customary line of employment must prove the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. The record in this case shows that the claimant returned to work after her illness; that she subsequently quit because of a physical condition existing in December, 1939, and January, 1940. Other than her own statement that she is unable to work, there is no showing as to what she is able to earn in suitable employment. She is obviously a person who has allowed her fears to overcome her better judgment, and for whom proper employment would be a restorative. No award can be made for partial incapacity.

Claimant, however, is entitled to be reimbursed for the following medical expenses:

For the services of Dr. O. A. Phipps, Manteno, Illinois, $113.25.

For the services of nurses in hospital and at home, $190.70.

For miscellaneous items, $118.56.

Award is therefore entered as follows:

For the use of Dr. O. A. Phipps, the sum of $113.25;

For reimbursement of claimant for nursing services, $190.70;

For reimbursement of claimant for miscellaneous medical items, $118.56; being a total award of $422.50, which is payable forthwith.